UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derrick B. Smith,               :
                                :
        Plaintiff,              :
                                :
    v.                          :    Civil Action No. 04-1097 (CKK)
                                :
Executive Office for United States :
Attorneys,                      :
                                :
        Defendant.              :

MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, defendant moves for partial summary judgment on the remaining issues arising from its withholding of information under exemption 7(D) and the segregability of two documents withheld in their entirety. *See* Memorandum Opinion ("Mem. Op.") and Order of June 9, 2005 (granting in part and denying in part defendant's summary judgment motion). Upon consideration of the motion and the supporting declaration filed under seal, plaintiff's opposition, and the entire record, the Court will grant defendant's motion.

Defendant was required to reexamine its justification for withholding documents, in part or in whole, under exemption 7(D) based on an implied grant of confidentiality. *See* Mem. Op. at 6-10. As to all relevant documents except Document Nos. 3 (withheld in part) and 23 (withheld in its entirety), defendant has withdrawn its exemption 7(D) claim and released additional material. *See* Renewed Motion for Partial Summary Judgment and Supporting Memorandum of Law and Report to the Court at 2-4. Plaintiff questions defendant's credibility in light of its change in position and asserts that the Court should reconsider the previous order and "review all the withholdings (b)(7)(C) and (b)(7)(D) records in camera, and appoint counsel

to conduct discovery." Plaintiff's Opposition at 3.  Plaintiff has not presented any evidence of agency bad faith or pointed to anything in the record to infer that defendant intentionally misled the Court.  Defendant's subsequent release of information upon its reexamination suggests the opposite.  *See, e.g., Carter v. U.S. Dept. of Commerce,* 830 F.2d 388, 393 (D..C. Cir. 1987) ("in camera inspection may be necessary to insure that agencies do not misuse the FOIA exemptions to conceal non-exempt information.").

The Court is satisfied from the Declaration of David Luczynski for *In Camera* Review that defendant properly redacted from the newly released documents under exemption 7(C) information described as third-party identifying information and, in one document, information about the victim's death.  *See* Mem. Op. at 3-4 (discussing exemption 7(C)).  The Court has reviewed *in camera* the two outstanding documents containing information that defendant maintains is protected from disclosure under exemption 7(D) based on an implied grant of confidentiality.  It may be reasonably inferred from the documents' content and the Luczynski declaration that the information was conveyed upon an assurance of confidentiality.  *See* Mem. Op. at 6-7 (discussing exemption 7(D)).

The remaining question about segregability, *see* Mem. Op. at 8-9, applies only to Document No. 23.  Exemption 7(D) explicitly protects from disclosure the identity of a confidential source and "information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).  Defendant properly demonstrated that Document No. 23 was not reasonably segregable.

For the preceding reasons, the Court grants defendant's motion for partial summary judgment.  In light of the previous resolution of all other claims in defendant's favor, the Court

will now enter judgment for defendant.  A separate final order accompanies this Memorandum Opinion.

                                                          _____s/_____
                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge

DATE: December 10, 2005